UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WARDELL HAYES,**

       **Plaintiff,**                     **CIVIL ACTION NO. 12-CV-12323**

   **vs.**                           **DISTRICT JUDGE GERALD E. ROSEN**

                                       **MAGISTRATE JUDGE MONA K. MAJZOUB**

**SAGINAW COUNTY JAIL, et al.**

       **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Wardell Hayes, currently a prisoner at the Charles Egeler Reception and Guidance Center in Jackson, Michigan, has filed this action under 42 U.S.C. §§ 1232 and 1983, against Defendant Saginaw County Jail alleging deliberate indifference to his medical needs in violation of the Eighth Amendment of the United States Constitution and discrimination under the American's with Disabilities Act. (Docket no. 1.) Plaintiff seeks $10,000,000 in compensatory damages and $100,000,000 in punitive damages. (*Id.* at 14.) Additionally, Plaintiff requests numerous declaratory judgments establishing Defendant's wrongdoing. (*Id.*)

Before the Court are Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) or for Summary Judgment under Fed.R.Civ.P. 56 (docket no. 11) and Plaintiff's Motion to Stay and Amend (docket no. 12). Plaintiff did not file a response to Defendant's Motion to Dismiss. Defendant filed a Response to Plaintiff's Motion to Stay and Amend. (Docket no. 13.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 14.) The Court has

reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation.[1]

**I.     Recommendation**

For the reasons that follow, the Court recommends granting Defendant's Motions to Dismiss (docket no. 11) and denying Plaintiff's Motion to Stay and Amend (docket no. 12). Therefore, the Court recommends dismissing this case in its entirety.

**II.    Report**

**A.     Facts**

On or about September 12, 2011, Plaintiff was arrested by police in Saginaw, Michigan, and sent to Saginaw County Jail. (Docket no. 1 ¶ 15.) Plaintiff, who is wheelchair bound, was held in a cell that was not wheelchair accessible. (*Id.* ¶16.) Plaintiff slept on the floor and subsequently suffered an infection that Plaintiff claims resulted in "the breakdown of Plaintiff's 'skin tissue', i.e. buttocks, and other physical injuries, i.e. spinal cord, left shoulder injuries, etc." (*Id.* ¶ 4.) Plaintiff claims that throughout his time at the Saginaw County Jail, Defendant "ignored Plaintiff['s] repeated requests for medical care" and that "Plaintiff experienced and continues to experience severe and increasingly painful degrees of physical and emotional pain and suffering." (*Id.* ¶ 16.)

Plaintiff claims that Defendant "discontinued withheld (sic) critical medical treatment and other accommodations from Plaintiff 'solely' because of his disability and subjected Plaintiff to discrimination 'intentionally' because of his disability." (*Id.* ¶ 19.) Plaintiff asserts that he "sent letters of complaints to Saginaw County Jail Administrators," but he admits that he did not file any grievances. (*Id.* ¶ 21; Docket no. 12 ¶ 6.) Instead, Plaintiff contends that Defendant "does 'not'

---

[1] The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

have a Operating Procedure or Policy Directive for Pretrial Detainee/Prisoners available," so he had "no reasonable available administratives (sic) to pursue pursuant to 42 USC § 1997e(a)." (Docket no. 1 ¶ 5.) Additionally, Plaintiff claims that Defendant's acts constitute intentional infliction of emotional distress. (*Id.* ¶¶ 37-39.)

### B. Standard of review

#### 1. Motion to dismiss standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth; and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Additionally, "[p]ro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (emphasis removed, citation omitted).

### 2. Motion to Amend Standard

A court is to allow parties to amend their pleadings freely "when justice so requires." Fed.R.Civ.P. 15(a)(2). "A party seeking to amend an answer must act with due diligence if it intends to take advantage of [Rule 15's] liberality." *Saginaw Chippewa Indian Tribe of Michigan v. Granholm*, 05-10296, 2008 WL 4808823, at *8 (E.D. Mich. Oct. 22, 2008) (Ludington, J.) (internal quotation omitted). "A court may deny leave to amend when a party unnecessarily delayed in seeking amendment, thereby []causing prejudice to the other party or unduly delaying the litigation." *Id.* (citation omitted). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: [(1)] require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [(2)] significantly delay the resolution of the dispute; or [(3)] prevent the plaintiff from bringing a timely action in another jurisdiction." *Id.* (citation omitted). A court may also deny leave to amend when the proposed amendment would be futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). To determine whether an amendment would be futile, the Court determines whether the amendment

4

could survive a motion to dismiss pursuant to Rule 12(b)(6). *Keely v. Department of Veterans Affairs*, 10-11059, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (Majzoub, M.J.) (citation omitted).

### C. Analysis

Defendant's Motion to Dismiss and Plaintiff's Motion to Stay and Amend are inextricably intertwined. Plaintiff's Claim is set forth in the form of three counts over 14 pages. (*See* docket no. 1.) Defendant moves to dismiss Plaintiff's Complaint arguing that (1) Defendant is not a legal entity capable of being sued; (2) even if Plaintiff's Complaint were against Saginaw County, Plaintiff's Complaint fails to plead a custom, policy, or practice that establishes a claim of relief; and (3) Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act.[2] (Docket no. 11 at 9, 10, 13.) Plaintiff does not refute Defendant's arguments but, instead, asks that the Court stay its determination of Defendant's Motion to Dismiss and provide Plaintiff with an opportunity to Amend his Complaint. (Docket no. 12.) Defendant claims that Plaintiff's proposed amendments are futile. (Docket no. 13 at 5-6.) Therefore, to the extent that Plaintiff's proposed amendments to his Complaint must be considered under the same Rule 12(b)(6) standard as his original Complaint, the Court will consider Defendant's Motion to Dismiss in light of Plaintiff's proposed amendments.

Courts have repeatedly and uniformly held that county jails and the sheriff's departments

---

[2]The Court will not consider Defendant's argument that Plaintiff failed to exhaust his administrative remedies because doing so would require the court to consider matters outside the pleadings, which would require the Court to treat Defendant's Motion as a Motion for Summary Judgment under Fed.R.Civ.P. 56. While the court may do so pursuant to Fed.R.Civ.P. 12(b)(6), because the Court recommends dismissing Plaintiff's Complaint for the reasons stated herein, such a consideration is not necessary.

that run them are agencies of the county, not separate legal entities, and thus, they cannot be sued. *See Watson v. Gill*, 40 Fed. App'x. 88, 89 (6th Cir. 2002) (holding that a county jail is a department of the county and not a legal entity susceptible to suit); *Luster v. Macomb Cnty. Sheriff's Jail*, No. 06-12273, 2007 WL 1219028, *2 (E.D.Mich. April 25, 2007) (same); *see also Coopshaw v. Lenawee Cnty. Sheriff's Office of Lenawee Cnty*, No. 05-72569, 2006 WL 3298898, at *7 (E.D.Mich. Nov. 14, 2006); *Vine v. Cnty. of Ingham*, 884 F.Supp. 1153, 1158 (W.D. Mich. 1995); *Hughson v. Cnty. of Antrim*, 707 F.Supp. 304 (W.D. Mich. 1988).

In *Pegross v. Wayne Cnty. Jail*, No. 07-12839, 2008 WL 6722771 (E.D. Mich. May 22, 2008), a pro se plaintiff filed claims against multiple county jails without naming the related counties as defendants. In determining whether to grant summary judgment in favor of the Sanilac County Jail, the court observed that in many cases where claims against a non-legal entity such as a county jail were dismissed, the proper legal entity automatically defended the suit or was named as an additional defendant. *Id*. at *3 (citations omitted). The court concluded that when the correct entity is not also named in the lawsuit, the proper course of action is not to dismiss the claims but to construe the complaint as though it had been filed against the appropriate county. *Id.* Additionally, when a party names an individual in the body of his complaint but fails to name that individual in the caption of the complaint, the way to correct that error is to file an amended complaint. *Green v. G2 Secure Staff, LLC*, No. 07-409-C, 2008 WL 782612, at *2 (W.D. Ky. Mar. 21, 2008) (citation omitted).

Here, Plaintiff names "Saginaw County Jail et al. Defendants" as the defendants (plural) in this suit. (Docket no. 1.) Additionally, in the body of his Complaint, Plaintiff repeatedly refers to multiple defendants, and he states, "Defendants acted as an employee and agent of the County of

6

Saginaw and the Saginaw County Jail, and Defendants actions were carried out under Color of State law." (*Id.* ¶ 22.) Moreover, in his Motion to Amend, Plaintiff indicates that he intends to add Duane Waters Health Center, N.P. Makker, and P.A. Payne has parties to his Complaint. Construing Plaintiff's Complaint liberally, the Court finds that Plaintiff made his allegations against Defendant Saginaw County and intended the "et al." in his caption to cover the individual medical providers listed in his Motion to Amend. Thus, Plaintiff's Complaint should not be dismissed simply because he only names the Saginaw County Jail as a defendant in the caption.

Nevertheless, to state a claim against a county under § 1983, a plaintiff must allege that his injury was caused by an unconstitutional policy or custom of the municipality. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[A] 'custom' is a legal institution that is permanent and established, but is not authorized by written law." *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993) (citing Monell, 436 U.S. at 691). A § 1983 plaintiff may establish the existence of a custom by showing that policymaking officials knew about and acquiesced in the practice at issue. *Memphis, Tenn. Area Local. Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 902 (6th Cir. 2004). Plaintiff has not alleged that his rights were violated by any written policy of the county. At most, Plaintiff has alleged that the individuals working at the jail during his incarceration violated his rights under the Eighth Amendment and the ADA. The proposed amendments noted in Plaintiff's Motion to Amend do not eliminate this deficiency. Therefore, Plaintiff has failed to state a claim against Defendant, whether it be Saginaw County Jail or Saginaw County itself.

To the extent that the Court would consider allowing Plaintiff to amend his Complaint to add Duane Waters Health Center, N.P. Makker, and P.A. Payne, Plaintiff's claims against these individuals are not yet ripe. "[R]ipeness is peculiarly a question of timing," and . . . it is the situation

7

now . . . that must govern." Reg'l Rail Reorganization Act Cases, 419 U.S. 102, 139-40 (1974); *see also Casden v. Burns*, 306 Fed. App'x. 966, 971-72 (6th Cir. 2009). As Plaintiff acknowledges, the Prison Litigation Reform Act requires prisoners to exhaust all administrative remedies before bringing a suit under § 1983. (Docket no. 12 at 2); 42 U.S.C. § 1997e(a). Plaintiff indicates that "[a] grievance against these medical providers as well as their supervising agency is being pursued" and that "proper exhaustion has been set in motion." As Plaintiff's situation stands now, he has not yet exhausted his administrative remedies with regard to Duane Waters Health Center, N.P. Makker, and P.A. Payne. Therefore, any amendment of Plaintiff's Complaint to add these individuals would be futile.

### D. Conclusion

Plaintiff's claims against Defendant Saginaw County Jail are, essentially, claims against Saginaw County. And because his Complaint fails to allege any policy, custom, or practice of Saginaw County that violated his rights, his Complaint should be dismissed. While the Court would consider recommending that Plaintiff be allowed to amend his Complaint in the interest of justice, such an amendment would be futile; Plaintiff does not appear to be able to cure the deficiency with regard to his claims against Saginaw County, and his alleged claims against individual medical-care providers are not yet ripe. For these reasons, the Court recommends granting Defendant's Motions to Dismiss (docket no. 11) and denying Plaintiff's Motion to Stay and Amend (docket no. 12). Therefore, the Court recommends dismissing this case in its entirety.

### III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28

U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  December 17, 2012            s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Douglas Benedict and Counsel of Record on this date.

Dated:  December 17, 2012            s/ Lisa C. Bartlett
                                     Case Manager

9